Case number 23-3027. United States of America v. Aaron J. Thorpe, Appellant. Mr. Katzhoff for the Appellants, Mr. Lenners for the Appellee, Mr. Rorty, I make this carry on. Good morning. Good morning. My name is Howard Katzhoff. I'm representing Appellant Aaron Thorpe. This is a criminal case. Mr. Thorpe is appealing the District Court's denial of a government motion to dismiss counts pursuant to Rule 48A. The motion was filed in accordance with the court's discussion of Mr. Thorpe's unsuccessful, ineffective assistance of counsel claim during his direct appeal regarding the plea proceedings where a very favorable relief on the Sixth Amendment grounds. But what's been referred to in the briefs is the Night Two Court cited Rinaldi v. United States and stated that the government has the discretion to ameliorate any injustice that would result from permitting the inadequately counsel defended to accept the original wire play offer but not the co-defendant, Mr. Thorpe in this case, whose counsel's performance was adequate. They went on to say even now the prosecution may seek dismissal of some or all the charges against Thorpe under Rule 48A of the federal rules of criminal procedure. Based largely on that, I believe the government did file motion to dismiss under Rule 48A. The District Court denied that without a hearing and the issue for this court now is whether the District Court erred in denying the government's Rule 48 motion to dismiss. Mr. Kassoff, what is in the text of Rule 48A that allows the government to seek dismissal after conviction has become final and the appeals have run out? Well, it's not so much what's in the text, it's what is not in the text. There's nothing in the text that sets any temporal limit as to when the District Court, the executive, can exercise their discretion. The rule is about dismissals, so arguably after a conviction, after a judgment of conviction becomes final, there's nothing to dismiss. Well, there's no indictment, information, or complaint to dismiss. There's only a final judgment in the case. That's correct in terms of that particular language, but the courts have applied the rule to permit dismissals post-conviction, post-sentencing, post-appeal. Although some have questioned it, there's no case that's found that the rule, the text, the history is limiting in any way with regard to that. The use of the term conviction has not been determined by any court to control or that there's a temporal limit that it has to be pre-sentence, pre-conviction. Is there a view that the executive can just dismiss a case at any point? Are there any limits on that? The executive, because they have prosecutorial discretion, can after a final judgment of the courts just dismiss a conviction? What's the limiting principle on that? Does Rule 48 do so much? Rule 48 seems to do exactly that. It's tempered only by the leave of court requirement. The leave of court requirement has been universally, unanimously defined as assuring or being a check or balance by the court that there is some limited discretion that assesses whether the motion is made in bad faith, whether there's improper motive, whether there are the types of factors that were discussed in Rinaldi and Watts and other cases, including cases in this court, that suggests that there was some bias, that there is some harassment of a defendant, and particularly where it's been consented, many of the decisions have found that when it's consented, there really can't be any issues of harassment or abuse towards the defendant, which is what Rinaldi suggested is the main purpose of Rule 48. Can you give me the sequence here? The Court of Appeals decides the case and remands the case to the district court, at least for night, and then the government offers the plea on remand, and Knight accepts it, right? And then it goes to the district court for approval or disapproval. That's the sequence, right? Did the district court approve of the plea by Knight before the district court decided the Rule 48A motion with respect to Thorpe, or were they simultaneous? The court ultimately took Mr. Knight's plea. Now, the procedural history is there's an appeal, ineffective assistance is raised, it's remanded, it's litigated before the district court, and then I assume we're talking about the night two decision where Knight is granted relief, remanded to the court. Mr. Knight was... There has to be some further proceedings in the district court with respect to Knight. Number one, the government has to offer him the plea. Correct. He has to accept it. And then there's a colloquy that has to go forward under the federal rules of criminal procedure. And what I'm asking you is whether all that took place before the government filed a Rule 48 motion. It did. I'm reasonably certain it did. The government perhaps can answer that if I'm wrong. Well, technically it may be critical because, as I understand it, when we're talking about the indictment, the indictment was against both men in a single indictment, right? Correct. And so if the indictment is still open on remand because of the Knight procedure, then it's open. And all this argument about whether there was... Because there's finality in this and that and the other thing. I mean, I suppose you can say it was final with respect to Thorpe, but not final with respect to Knight. But if we get into technicalities, the indictment was not final on remand because it was remand.  So it may make a difference. Proceedings continued on with regard to Mr. Thorpe, as they often do, as he had time to file his 2255 petition. 2255 petition was filed. That was pending at the time that the... What were the grounds for the 2255? The grounds for the 2255 were constitutional violations based on the totality of the circumstances of Mr. Thorpe's inability to accept the Wired plea and some ancillary constitutional grounds that were raised, not accepted by the court. And that was ultimately denied by Judge Lear? Yes, it was. So those proceedings were ongoing at the time that the government filed the motion to dismiss with regard, and that was a matter before Judge Leon. Judge Leon had a status hearing to address the issues. The case was not closed in that regard. There were proceedings before Judge Leon. Judge Leon set a briefing schedule. Judge Leon decided the matter, and I think within a couple of months after that decision, the government, I think, filed their motion to dismiss. I'm not sure if this is with my rebuttal time or not, but the bottom line is the motion was filed in good faith, as all the courts have found, to ameliorate injustice. The evidence of good faith is consistent with the language of the Night 2 decision, not clearly contrary to the public interest as defined by all of the cases that address public interest. The district court applied its own assessment, putting judicial authority, sentencing authority above the prosecutorial primacy that every court to address it has found. And as this court has, or at least some judges on this court have recognized, there's no appellate reported decision of an unopposed or consented to Rule 48 motion being upheld or affirmed. Mr. Kassoff, you're out of time. I'm going to see if my colleagues have any further questions. Thank you. We'll give you some time on rebuttal. Good morning, and may it please the court, Dan Lenners for the United States. Judge Randolph, to answer your question, Knight accepted the government's plea offer and was resentenced in 2021. It was not until 2022 that the government filed a Rule 48A motion. It's not the government's view that the indictment disappears for all purposes as soon as a conviction becomes final on direct appeal. For example, if a defendant is granted release on habeas, you go back to the trial court and you return to the trial proceedings. But the government doesn't have to reindict the defendant at that time. And so it's not as though the charging instruments disappear from the case. And in the same respect, once a final judgment is entered by the trial court, there is no mention in Rule 48 of dismissal of a conviction or dismissal of a final judgment. But the Supreme Court in Rinaldi and Watts and other cases has allowed the government to use Rule 48A to dismiss charges even after the conviction has become final at the trial level. And even if the the remaining portion of the sentence simply violated government policy, not a constitutional violation, not a statutory violation, because impeded was just a policy. That's correct. And so here I take it. It's just the policy. I don't know. There's nothing written in the U.S. attorney's manual. Is there that covers a situation like this? There's not, Your Honor. And in fact, this is an unusual case in which something like this would have arisen on direct appeal. This was an ineffective assistance of counsel claim brought on direct appeal, remanded for additional proceedings. But in most courts, most other circuits and most state courts, ineffective assistance of counsel claims are not decided on direct review. They're decided on habeas. And so typically this kind of situation that arose here, which is admittedly rare in the government's use of Rule 48A, attempted use of Rule 48A after a conviction has become final is very rare. But this wouldn't have even come up on direct review. And so to to put a limiting principle on it, Judge Rao, the government doesn't think the court needs to decide that. But if the court does want to address the question, we think that Rule 48A continues to allow the government to dismiss charges at a minimum while a defendant's timely 2255 petition is pending. And the government has some control over the prosecution to oppose that motion or to concede that the defendant is entitled to relief. What is there in the text of the rule that that allows that? I mean, I'm looking at the word dismissal. You know, you can dismiss an indictment, information or complaint. I have the same answer as Mr. Katzoff, Your Honor. It's not what's in the rule. It's what's not. And there is no time limitation in the rule. Other rules such as Rules 33, 34 and 35 have expressed time limitations. And also, you can't infer from the reference to charging instruments that it only allows dismissal once a conviction has been entered because that is inconsistent with the Supreme Court's approach in Rinaldi. But so maybe Rinaldi, we understand as being a statement of how we think about finality. Right. Something is not final until all the appeals have direct appeals have run out. But once they have. Then, you know, the plain text of Rule 48 controls. So I disagree that Rinaldi suggests that the words of Rule 48 have no meaning in terms of what power the government has. And that would be a strange way to read a rule. I agree, Your Honor. But I don't I also don't think that one can infer that an indictment, information or complaint continues to exist past entry of final judgment by the trial court. But somehow then disappears when the appeal has become final. Well, maybe as a matter of first principles, this will, you know, should take take hold after final judgment or conviction by the trial court. But but, you know, we have precedent suggesting that it continues on through direct appeal. But I'm not sure why we should take from that, that it should go beyond once the direct appeals are final. And I think the answer to that is there's no time limitation in the rule. And there is a time limitation in the second sentence during trial, which counsels against reading in a different time limitation. And we think that at least to the degree you infer from the use of the word prosecution, that Rule 48 continues to apply while the government has some control over the prosecution that applies to collateral proceedings such as. Then for 48 B, could a court simply decide to dismiss the charges after at any time? I mean, I guess I'm not sure why there would you know why the government could do it, but the court couldn't under 48 B. I don't have Rule 48 B in front of me, but I think it contains more express time limitations about when the court is allowed to act. That don't exist in Rule 48 A. In any event, you know, as we urge, the court doesn't need to decide this issue. The parties didn't raise it below. It wasn't the basis for the district court's ruling. Well, there's a 2255 motion and. It is always open to the government not to oppose it. And to confess error. And I'm sure that has happened. I mean, I can't point to a particular case, but over the years, I think it's pretty clear what happened every once in a while. You know, the 2255 raises a question that had alluded the lower courts and it gets up to the Supreme Court and the government confesses error. And then what happens? Well, I don't think the government says, well, the indictment's final because you were already sentenced. That would make a mockery of 2255. And it doesn't have to accept the government's confession of error. I mean, ever since I think the 1800s, when that practice was begun, what the Supreme Court does is just remand the case back to the district court. So it's so it's open. I agree with that, Your Honor. And that also raises a sort of separate but related point, which is to the degree that there are time bars. The Supreme Court has set forth a structure during which courts may raise them to a sponte. And the courts may not raise them to a sponte when the parties have affirmatively waived any time bar. And clearly here, the government and the defendant, to the degree the court were to read a time limitation under Rule 48, have not just forfeited that argument, but have waived it. The government by moving for relief and the defense by agreeing with the government. And so just like under Rule 33, if the government waives a time bar, the court forfeiture is applied against an appellant or an appellee. Like here, it's the district court that you're saying forfeited. And it seems a little odd to apply the same forfeiture rules to a district court that we would apply to a party. So in terms of forfeiture, we're not arguing that the court has no power to decide the issue. We're suggesting that in the exercise of its discretion, it need not… It's an odd exercise of discretion to allow Rule 48 to do what Rule 48 categorically does not allow. Well, that's what this court did in Smith, and that's what the Fourth Circuit did in Rice. In fact, in Rice, the Fourth Circuit reversed the denial. In Smith, the forfeiture was a forfeiture by the criminal defendant, and that forfeiture was held against him as part of the adversarial process. But again, the district court is not an adversary in an adversarial process. I agree, Your Honor, but in Rice, the parties forfeited it, and the Fourth Circuit not only found that it wouldn't reach the issue because… Do you know of any case other than Rice where an appellate court has allowed Rule 48A to dismiss an indictment after the final appeal has finished? I'm not aware of any, Your Honor. But waiver is a different issue, and the Supreme Court in Day v. McDonough said that where the government affirmatively waives the statute of limitations for a habeas petition, it would be an abuse of discretion for the district court to spontaneously invoke it. And then following on in Wood, the Supreme Court said that even though there are times in which a court of appeals might recognize a time bar, they should not do it where there's an affirmative waiver. Mr. Winters, though, I mean, I'm not sure the question here is really a timeliness one or like a time bar. I mean, in Rule 33, you know, in Smith, I mean, there are specific days. I mean, here, arguably the question is about the government's authority, about what continuing authority the government has to use Rule 48, you know, in this context where all the direct appeals have run out. I mean, in that prior question of authority, I mean, I'm not sure it's very prudent to think about that as waived or forfeited. I mean, if the government doesn't have the authority to do something. So I think it's about the not sure the parties can stipulate to the fact that government does have the authority. I'm not sure that those are actually different things. I mean, under Rule 33, you could say that the trial court has no authority to move to grant a new trial or the government or the defendant has no authority to move for a new trial. But the Supreme Court has nonetheless found that the parties can waive that time bar and the court, the trial court nonetheless has power to act as jurisdiction. So usually with forfeiture and waiver, it's a party that is given something up. Here, it's almost the reverse. The government is asserting a power that Rule 48 may not give it. The defendant is, for understandable reasons, colluding in the government's assertion of a power that Rule 48 may not give it. It just doesn't seem like the forfeiture context waiver applies in a normal way. I agree that it's an unusual situation, Your Honor. But I think that, you know, again, this court need not decide the issue. It has discretion at the very least to decide whether Rule 48 applies in these situations. Sorry, do you want to finish your sentence? I was just going to say, we think it's commensurate with justice to, you know, allow the government to grant the relief that this court in Night 2 said was, you know. In fact, you have a statute that authorizes the court to do exactly what you said. It was cited in Rinaldi. I don't think the parties picked it up. It's 28 U.S.C. 2106. And if you take a look at footnote 8 in Rinaldi, the court says that what they're doing is giving a just result, and they quote the just, which is from 2106. That's right, Your Honor, although I could be wrong, but I think that statute may apply to the relief that the Supreme Court may grant. No, it says, the beginning of the statute says, the Supreme Court and all other appellate courts. So it applies to us. And the government thinks that the result that's commensurate with justice would be, in this case, to reverse the district court's denial of the Rule 48 motion as an abusive discretion. Judge Walker, I don't know if you had a question you wanted to ask. I did have a couple more. One is just sort of a technical question. Let's say that an appeal is over, conviction's been final for several years, and AUSA discovers Brady evidence that, in his good judgment, good faith, thinks requires a new trial. What is the procedural mechanism at that point? And does 48A come into play? So I think that there, the Rule 33 provides a three-year time period for a motion for new trial based on newly discovered evidence. So if you're within the three years, I think… Does that come from the AUSA or the defendant? I don't know, Your Honor, but presumably, the government would, in that situation, would turn the Brady material over to the defendant, and the defendant would then move. If it were after three years, I don't… You know, there's certainly possible that the defendant could move under 2255, and the government could waive the one-year statute of limitations. And if, for some reason, the government was unwilling to do that, there might be a sort of another exception to the statute of limitations in 2255, but I don't know the answer to that. That's helpful. And as I think it through, it may well be the government wouldn't have to do anything procedurally. It would just turn the evidence to the defendant, and then the defendant could make the motion. You'd be off and running from there. And I wonder, you know, there's been… And I'm expressing no opinion of whether this is a good thing or a bad thing, but there's been talk in the news that there could be a reconsideration of the January 6th prosecutions if there's a new administration. Let's imagine that that is the case. Would it be appropriate for the U.S. Attorney's Office, under orders from the Attorney General, to file a Rule 48a motion in all closed January 6th cases that are post-appeal and tell the district court you have no discretion whether to dismiss these cases? Yes, at least under the same circumstances as this case. So, where the defendant, even if the conviction is final on direct appeal, which there are very few of those at this point, if the defendant has filed a timely 2255, which is still pending, and thus the government has some power over the continued prosecution, then the executive's view is that it could move under Rule 48a to dismiss those charges and that the district court would have limited or no discretion to deny them, and any discretion possessed would be based on bad faith. And what does the habeas 2255 component of this case have to do with whether Rule 48a applies? The rule refers to the government dismissing the prosecution. And as originally enacted, the Rule 48a said, dismiss an indictment, information, or complaint, and the prosecution shall thereupon cease. So, Amicus has argued that that use of the term the prosecution allows the government to move under Rule 48a while it continues to have control of the prosecution, which Amicus's view is through final conviction. But the government retains some control over the prosecution when there's a pending, timely habeas petition. As Judge Randolph noted, it can waive time limitations, it can agree to relief. Habeas relief is not about the prosecution. I mean, the whole point of habeas is post-conviction relief. I'm not sure we think about the government's role in responding to a habeas petition to be part of a prosecution. But if relief is granted... That's not historically how we think about habeas. It's a very strange framework. Well, I point out that if a defendant prevails in a habeas petition, he is viewed as having prevailed in the prosecution for purposes of a Section 1983 claim. And the government, again, has a substantive role in responding to and can agree that the defendant is entitled to relief. And so that's why we think that Rule 48a… Prosecutions are criminal matters, right? Yes. And habeas is a civil matter, right? I don't think that's right. I think it's – the Supreme Court has said it's its own animal, that it's not really criminal. It's not really civil. It's something different. It's on the civil docket. It is on the civil docket, yes, Your Honor. And it's a lawsuit against a warden. Well, I think they responded to a 2255 motion. It's the United States. It's not the ward. I could be wrong. That's a good point. Okay. Okay, and then I wondered how the – if you're right about Rule 48a, what does that do to the accountability that is inherent in pardons and commutations? So pardon and commutation powers would be absolute, but a check on that, on the president's absolute discretion to pardon and commute, is the president has to put his name on the pardon. And so the public knows if this was a bad decision, they know who to blame. Now, of course, the USA has answered to the U.S. Attorney, who has answered to the Attorney General, who has answered to the president, so there's – you are an agent of the president. But it does seem like if you can do everything a pardon does through Rule 48a post-appeal, you've allowed – you've created a system where a defendant can be pardoned without the president having to sign his name to the pardon. So I have two answers to that, Your Honor. One is that we don't think Rule 48a entirely overlaps with the pardon power. You can pardon someone who's passed away. We're not arguing that Rule 48a applies then. You can pardon someone before they've been charged. Rule 48a also doesn't apply then. In terms of accountability, we think that the president ultimately acts through the members of the executive branch, and so the president would be accountable whether he or she is personally pardoning the person or whether the president is acting ultimately through – There's another difference, and that is Rule 48a requires leave of the court. The pardon and commutation power, despite the General Flynn case, does not require approval. That's correct, Your Honor. That's another difference. But your theory is that leave of the court does next to no work, that the court should just always grant a 48a motion that the defendant consents to. Unless there's bad faith on the part of the government. So if the AOSA was taking a bribe, if the AOSA had animus against the victim, if the AOSA wanted to go on a vacation, the defendant would obviously consent under those circumstances. And although the court doesn't have to address this issue, many courts have said that the leave of court requirement would allow the court to deny it when the prosecutor is effectively acting ultravarious. Why would Rule 48 – if you're right about everything you said and argued regarding Rule 48a, why would it not apply even after a defendant has passed away? So, I mean, I don't even know that – I don't know what's left after a defendant has passed away in terms of a criminal prosecution. I think there's this 1984 case, Korematsu, not the infamous 1940s case Korematsu, but same person. And the government sought to, you know, file a Rule 48a motion. The district court didn't allow it. I'd have to go back and reread whether Mr. Korematsu was still alive at the time. You may remember. So, in that case, Your Honor, Korematsu moved for a writ of quorum nobis. Was he still alive? He was still alive. He moved for a writ of quorum nobis. And the government moved – while that case was pending, the government moved under Rule 48a to dismiss all of the charges. And Korematsu opposed that. He wanted a decision on his writ as to, I think, the injustice that had occurred during the Japanese internment. And so the district court denied it. But there, there was no timely 2255 motion, and Korematsu was not still incarcerated, both of which could provide time limits to the government's power under Rule 48a that aren't implicated by this case. Mr. Lenders, let me just say, I mean, you've suggested that the text of Rule 48a doesn't really matter here. So you're, in some sense, appealing to general Article II power or common law power. But I'm not sure what in Article II or the common law would allow the executive to continue a prosecution after the Article III courts have said it's a final judgment. Right? So you're not really looking at the text of the rule. So what is your account of, you know, the Article II power, the common law power that allows the prosecution to continue in this way? So I think I disagree that we're not looking at the text of the rule. Well, you've said that. I mean, there's nothing, you know, in the text that supports what you're saying. Well, it has no time limit. It says the government may with leave of court dismiss an indictment, information or complaint. We don't have an indictment, information or complaint still live here. I agree with that, Your Honor, except to the degree that that's also true on direct appeal. And the Supreme Court has applied the rule then. OK, so we say, OK, through direct appeal. But why after direct appeal? And again, Your Honor, because it's the information indictment or complaint is still alive to the degree that habeas relief is granted to the defendant. The government need not reindict. OK, but assume I don't buy that argument. Can you point to something in the common law or in the practice of the relationship between the executive and the courts that would allow the executive to do something like this? I can't other than to say it appears rule 48, at least as applied by the Supreme Court, is even broader than the common law. The common law would have cut off when the district court entered judgment. It would have cut off the government's power. And so the Supreme Court has not limited rule 48A to be commensurate. They also have not expanded it past direct appeal. That's true, Your Honor. But you don't have an account of why it should be extended. I'm giving you an opportunity to say why it should be, you know, as a matter of first principles, applied beyond direct appeal. I'm not hearing an argument for that. I think I have said why we think that's true, and I would be repeating myself to say it again. Can you repeat yourself? Sure. So the rule has no time limit. It says the government may dismiss an indictment, information or complaint. Those words in and of themselves don't limit it to before conviction becomes final on direct appeal. And to the degree you think that they must have some limitation, that that limitation would continue to apply during habeas proceedings when the government or when the defendant could be granted relief. And the government would go back and try him again on the same indictment. And when the prosecution continues in the sense that the government has some control to agree to relief during that time period. And so we think that the rule properly would continue to apply at a minimum while there is a timely 2255 petition. May I ask, is there a textual argument you can make under Rule 48A without dealing with Rinaldi and all the other cases? And it's this, that in the federal system, you can't have a conviction without an indictment and information or a complaint. That's true, right? Yes. And if you get rid of the indictment and to say that the conviction still stands, it's sort of like the the smile without the cap. And and so technically, if you undercut the indictment, the conviction has to fall. I think that's right, Your Honor, I don't think that the indictment disappears when judgment is entered or the indictment somehow disappears when the conviction becomes final on appeal, which I think is a different way of saying the same thing, that it continues to exist as a potentially applicable document. If someone was testifying and they were asked, have you been convicted of a crime? And they said, I'm under indictment. And that would be an honest answer, assuming that they've been they were convicted of a crime 10 years ago. It would be an incomplete answer. It would be accurate, but misleading. I mean, I value, I appreciate your, you know, rolling with the question, but it does seem really odd to think of someone who was convicted a decade ago as being currently under indictment. It's not how we think of indictments. They end. I just I don't think that is accurate to say indictments and that person was indicted and now stands convicted, but that doesn't mean the indictment has vanished from, you know. Some of the some of the briefings cited this really, I thought, thoughtful article in Seton Hall Law Review by Rebecca Krauss called the theory of prosecutorial discretion and federal law origins and developments. And it talks about kind of common law, NOLO. I'm going to almost certainly mispronounce this, but prosecute. You're looking to the wrong person. Does your interpretation of Rule 48A, taking out the with leave of court language, imagine that wasn't in Rule 48A. Does your interpretation of Rule 48A differ from the common law understanding of NOLO, prosecute? So I'm going to say NOLO. And yes, because of the Supreme Court's decision in NOLO. So my understanding of common law use of NOLO is that the prosecutor had unfettered discretion to dismiss charges before trial, that it needed the court's consent during trial. And then it once again had unlimited discretion to dismiss between the end of trial, between verdict and sentencing, at which point it cut off. And so that is inconsistent with the Supreme Court's decision in Rinaldi and Watts and other courts of appeals decisions that have allowed the government to move under Rule 48A post sentencing and final judgment through the appeals process. You've been patient with me and my colleagues have been patient with me. I have one more question. There are B pleas and C pleas, if I'm remembering right. B plea gives discretion to the district court, although there may be a recommendation of sentencing. And a C plea says to the district court, take this sentence or sentencing range. And if you don't agree with it, then there's not a guilty plea. You would know a thousand times better than I would. Is that is that how it works? Roughly, yes. Okay. So if you're right about how Rule 48A can apply after sentencing, then it seems like it would eliminate B pleas, really. In effect, it would eliminate B pleas because the government could still do C pleas, they would stay the same. But if the government did a B plea and the district court didn't agree with the recommendation that the defendant, the government have compromised on and instead sentence the defendant to a higher sentence, then the government could just after the sentencing, do Rule 48A every time. Just giving the district court basically no discretion and you would have basically made it. So the only way to get a plea bargain is through, in effect, the C plea process. So I could be wrong, Your Honor, but I think the reason that the C plea needs the court to accept the plea in a way that B doesn't is because it restricts the court sentencing authority. And so under B, the government is effectively dismissing charges post-sentencing under Rule 48A once the court sentences the defendant. I don't think I'm answering your question. Let's just take a regular plea, a normal plea, a B plea. The government says, we want you to do a five-year sentence, and the defendant has pleaded guilty. I think in that situation, the court can do a five-year sentence or can do a higher sentence, and the guilty plea still stands, right? Yes, Your Honor. But if the government doesn't like the sentence, it could then just immediately do a Rule 48A motion and get the indictment dismissed. So it would give the government a veto power over the district court sentencing that it only has now in a C plea context, not in a B plea. So I guess I have two answers. One is it certainly wouldn't apply in all situations, say, to a one-count indictment or to situations in which the government couldn't just dismiss certain counts to arrive at its preferred sentencing outcome. But more practically speaking, that's not what's at issue here. That arguably could be the kind of bad faith that would allow a court to deny a Rule 48, even an unopposed Rule 48A motion, because the government is attempting to usurp the court's power. But that's not what occurred here. Thank you.  Good morning, Your Honor, opposing counsel. May it please the court, my name is Keenan Rorty, and I'm the court-appointed amicus defending the district court's decision. The district court refused to grant the party's Rule 48A motion because it was deeply troubled by the timing of the motion and it believed it was not in the public interest. In making that decision, the court did not abuse its discretion. I want to highlight quickly just the three things that decide this case. First is that there's no waiver issues. As Judge Walker pointed out, waiver normally applies to parties, not the court. Here, the court was clearly troubled about how the motion was being used, in its own words, quote, to reverse engineer charges on which the government has already obtained convictions and the sentence upheld on appellate review. And it repeated these concerns throughout its analysis. And it held that its discretion was greater than it would be during a pending prosecution. Whether the court was right on that are issues that this court needs to address. Second, the district court did not abuse that discretion. As your Honor has pointed out, Judge Rau, nothing in the text of the rule allows the government to use the motion in this way. The government and the parties seem to say that nothing in the rule stops the government from doing it. But first of all, that's not true because it only allows dismissals of indictments and prosecutions. But second, the government and the parties need to point to something affirmative in the rule that grants that power, not just say that nothing stops it. The parties also say that separate. What about the fact? What about Rinaldi? Right. So, I mean, if if we were writing on a clean slate, this will create a mean that there's no dismissal after a conviction, you know, after there's a judgment by the district court. So and I think I think some of the same as you were saying earlier, exactly how this court to resolve the case. So I think if we were talking from a clean slate, I think this would I think this would be a far, far easier case. And then the question is, what do we do with Rinaldi? And some of the reasoning seem to apply. I don't think you should expand Rinaldi for four reasons. One of them is and this is important, is that Rinaldi didn't actually decide whether or not World 48 should actually be used in this way. That is one of the insights that this court made in Smith saying that, OK, it applied World 48A, but it didn't explain at all why it did so. And in fact, this court in Smith left open the question whether even in fact World 48A applies to convictions. But even if you take Rinaldi at face value. You shouldn't expand it one because courts have repeatedly noted this discrepancy and they've always limited Rinaldi to the facts that, OK, we're going to keep it pending on, you know, pending appeals. Rinaldi is in some sense, it's not final. You know, the government says, you know, on habeas, you know, the indictment is still sort of lurking in the background. You know, it could be, you know, if if if a criminal defendant prevails on habeas, then, you know, we're going back to the indictment about that. And so and here's why I think even Rinaldi is somewhat defensible in a way that trying to apply it here on a 2255 motion is not because at least here there's not a final conviction. And at least here, it's a direct continuation of the same criminal proceeding. But by the time you get to a 2255 motion, I mean, it defies the ordinary sense of the word, you know, prosecution to say that someone who fires a 2255 motion is being prosecuted. And, you know, as Judge Walker pointed out as well, you know, a 2255 habeas motion is a civil is a civil, you know, is under the civil spectrum as well, or at least some sort of a mix. So that and to go even a little bit further, I think, and the parties appear to have two approaches about when the rule can apply. One of them seems to be as long as there's post conviction remedies like a 2255. And one of them seems to be as long as, you know, I think someone is in federal prison generally. If the line is 2255, that means that prosecutorial discretion is going to be coming in and out and in and out and in and out, depending on whether or not there's a post conviction motion. I don't think this court should interpret, you know, prosecutorial discretion as this kind of ghost that comes in and out whenever there's a 2255 motion. And as Judge Randolph pointed out as well, when we're talking about prosecutorial discretion, you know, this, you know, the Supreme Court has already rejected the idea that just because the government concedes error on a conviction and, in fact, agrees that a conviction should be, you know, taken away. That means that the district court or the judiciary's hands are tied. No, no, you know, the Supreme Court has said again and again that, of course, independently analyzes whether, in fact, you know, this conviction should stand. It shouldn't be any different just because the title of the motion here is Rule 48A rather than 2255. I also want to point out that adopting the party's reasoning about Rule 48A would indeed post pretty problematic reasons. I don't see very strong limiting principles. As Judge Walker pointed out, you know, I don't really see why if you if you say that as long as a Rule 48A motion is fired in good faith, why it couldn't be used, for instance, to pardon all low level drug offenders if the U.S. attorney, you know, thought that that was in the best interest. Or, you know, you can think of any sort of amount of examples. This is a really important point, and it's that the executive does indeed have unilateral authority to remove convictions after the fact. That power exists to the executive, but it belongs to the president alone. And the president is personally accountable for the use of that power. No court or virtually no court, I think, other than the Rice v. Rivera case, has said that prosecutorial discretion just applies, you know, even after a conviction, especially after appeals. So Judge Leon got into none of that, right? So Judge Leon, well, I don't think that's true, actually, in two different ways. First of all, he definitely said that here his discretion was much greater than it would be than during independent prosecution. Now, you're 100 percent right. I'm adding additional reasons. But as this court has pointed out, it has, quote, no qualms about addressing additional arguments raised by a court appointed advocates as long as it's the same essential, you know, issue, I guess. The question remains, Judge Leon thought that under Rule 48A, he could evaluate the, quote, public interest. Are you supporting that? Well, so, you know, and my key recommendation is is that at the bare minimum, the district court did not abuse his discretion in finding that. I think it's honestly arguable that, you know, it would just be an automatic abuse of discretion to use the rule in this way because it does not really apply here. You know, there's a famous statement by Chief Justice Marshall about discretion. So this is said to be a motion to the court's discretion. But the court's discretion is not its inclination. It's its judgment, and its judgment is guided by sound legal principles. So when you talk about discretion, what are the legal principles that you have in mind? So and I think here the legal principles that and let me know if this is responsive to your to your honor's question is that at least here in the post appeal context, the court had the ability to independently decide whether granting the motion was in the public interest. And I think he looked at a variety of factors and he reasonably concluded that it was not because although it's definitely true that there was one factor that, you know, might support release. Who better represents the public interest? The United States attorney or the district judge? Well, and I think absolutely the government's view should be given way. And this is actually the young case. And they point out, I mean, it's pretty inadequate circumstances, but the government confessed to error. You know, the court specifically said the public interest is not just entrusted to the executive. It is also entrusted to the courts. I asked you who better represents. Oh, well, and I think that I mean, you know, it's a rhetorical question, but but I think and here's the key thing. I think that power is ultimately given to the district court. And so the district court is the one who ultimately needs to make that, you know, consideration, even though, by the way, I 100 percent, you know, we 100 percent agree the government's views and the defendant's views are relevant. You know, absolutely. And, you know, and I'm happy to keep talking as well, but just, you know, one final point is that just to the extent that we're looking at the public interest, as I mentioned. It's definitely one factor, the fact that Mr. Thorpe couldn't take this plea deal and now it's relevant. But there were many other factors that the parties, in fact, said that they did not even have to consider. And they are definitely relevant to any sort of more holistic public interest analysis. Is Judge Leon's opinion in Thorpe consistent with his acceptance of the plea in Knight? And are you saying. If it was in the public interest to require Mr. Thorpe to serve all 24 years of his sentence, why wasn't it in the public interest to require Mr. Knight to serve all 24 years of his? And so and I think the key insight is that the scope of his discretion was radically different because in night two, they vacated the conviction and remanded to the court. So at that point, we have, you know, charging determinations at that point. Yeah, the district court discretion was limited in terms of what he might want to do. But here there's no charging left. We only have a final conviction. And so, you know, because of basically that vastly different standards review, an unconstitutional violation occurred. It harmed Mr. Knight. Right. That's right. Although it was not his cause. And it also harmed Mr. Thorpe. Oh, yes.  Right. Yes. He's suffering from a constitutional violation. And so was Mr. Knight. So why shouldn't they be treated the same? Well, and and and hopefully this is responsive is that I think the district court. Let's say he was analyzing, you know, this is now different than the facts. But let's say that the court was analyzing whether or not to accept the plea. And he basically had for independent authority. You know, he very well might be, you know, justified in rejecting the plea. But at the police stage, his discretion is greatly capped. That's not true here. And so I think that, you know, explains the different outcomes. Thank you. Thank you, Your Honor. Thank you. We'll give you two minutes on rebuttal. I guess first, I'd like to. Agree with with government counsel regarding the fact that the indictment doesn't die and disappear. A lot of discussion about the nature of habeas proceedings and the fact that civil rules apply. But they're very much treated with consequences in the criminal case. Generally, a motion to vacate the sentence sentence is vacated. I mean, just to give one example, criminal defendant has a right to an attorney. But habeas petitioner doesn't. That may be one of the differences. And they are, as said, its own beast. But what I'm saying is that some judges handle them on the criminal docket. Some judges handle them on a civil docket. They're not all handled on a civil docket. Civil rules do apply. Criminal rules do apply on 2255 to vacate a sentence, vacate a conviction. If you prevail on that, then the case, if the conviction is vacated, obviously the indictment is very much alive. So the government continues to have control. It continues to be a live issue. The text inclusion of the word indictment and the lack of any of the temporal limitations in the other rules, as government counsel cited, is part of the basis for having Rule 48 authority pass conviction. And it's hard to reconcile Rinaldi if you're going to say that there is discretion and authority to make a Rule 48A motion post-appeal, post-conviction, post-sentencing, post-appeal. And there's still a 22-5. Then we're arbitrarily, just without Congress' intent, without drafters' intent, without anything specific in the rule, we are arbitrarily setting a limit that doesn't exist anywhere. Thank you. Thank you. I would just like to briefly talk about Rule 33 and waiver. So Rule 33 allows a defendant to move for a new trial within three years after the verdict or finding of guilty. And that could be well after the conviction has become final on direct appeal, which suggests that there still exists some underlying charging instrument under which a defendant could receive a new trial even after the conviction has become final on direct appeal. And the second issue about, the related issue about waiver is, as this court recognized in Smith, in finding that a district court has jurisdiction over a Rule 48A motion after a conviction has become final on direct appeal, the defendant could move under Rule 33. The government could waive the time limitation. That doesn't bind the district court on the merits of the motion, but it doesn't allow the district court to deny it as untimely, as the Supreme Court said in McDonough and Wood. And so to here, to the degree that the parties waived any implicit time bar by the government moving the defendant agreeing to that, that doesn't bind the district court's ruling on the merits, but it doesn't allow the district court or this court to sui sponte deny the motion as untimely. Thank you. Mr. Katzoff and Mr. Rorty, you were appointed by the court to represent the different parties in these cases, and the court thanks you for your assistance. Case is submitted.
judges: Rao; Walker; Randolph